**PRICE, et al v. STATE ROAD DEPARTMENT.**
**No. 13939.**

Circuit Court, Monroe County.

February 25, 1958.

Hall, Hedrick & Dekle, Miami, and Ralph E. Cunningham, Jr., Marathon, for plaintiffs.

Henry Bryan, Tallahassee, for defendant.

AQUILINO LOPEZ, Jr., Circuit Judge.

This cause was filed on January 20, 1954 by Lewis Gray, et al, against the State Road Department. Since the filing of the suit many of the plaintiffs, including Lewis Gray, have disposed of their interests, consequently their successors in title are now the parties plaintiff, and the cause has been continued under the style name of Kathleen M. Price, et al v. State Road Department of Florida, a political subdivision of the State of Florida.

This cause came on for final hearing after many stipulations were entered into between the parties extending the time for the taking of testimony. Counsel for the parties were present, evidence and testimony were submitted and heard by the court. The court has fully considered the pleadings, the testimony taken, exhibits

and brief filed by counsel for the plaintiffs on September 11, 1957, brief filed by defendant's counsel in October 1957, and reply brief filed November 26, 1957.

The subject matter of this suit arises by virtue of a claim of plaintiffs to respective parcels of old state road 4-A, which parcels lie between Vaca Key and Grassy Key in Monroe County. No deed of conveyance was ever given by the owners of the property to Monroe County, and no deed was ever acquired by the defendant State Road Department. The question therefore arises as to the nature of the defendant's title, if any, arising by prescription through general public use. The defendant claims title not only to the 16 feet which was paved, but also to an additional 50 feet lying approximately 25 feet from each side of the old pavement. The court after due consideration finds as follows—

This court has jurisdiction of the subject matter and the parties hereto, and the equities of the cause are with the plaintiffs.

The defendant Road Department acquired a right of user of old state road 4-A to the extent of the paved width of 16 feet plus about 2 feet on either side thereof, but such rights as defendant acquired by public use and maintenance were abandoned and ceased upon the construction of parallel U. S. highway no. 1 on a 100-foot right-of-way, none of which included any portion of the aforesaid 66 feet.

The new highway completely replaced old state road no. 4-A. As evidence of the abandonment the defendant, without objection, over the past several years allowed certain of the plaintiffs and other persons to construct buildings, signs, and other various and sundry obstructions on portions of the old highway. A public school building completely surrounded by fences was built a number of years ago, completely blocking use of the old highway for a substantial distance.

Portions of said highway have become in such a state of disrepair with potholes as to make it impassable for vehicular traffic. The only act of the defendant which could be in the nature of an improvement or exercise of apparent ownership was the casual mowing of weeds on a narrow strip, of varying and indeterminate width, of the 66 feet adjoining the 100-foot right-of-way. This could not be considered to be an improvement or maintenance because it was temporary in nature and vehicular traffic was not thereby enabled to use the narrow strip, it being entirely separated from the pavement of U. S. highway no. 1 and the old pavement of old road no. 4-A. The area mowed was between U. S. highway no. 1 and the pavement of old road 4-A, and the court considers that the

Road Department did the mowing to beautify present U. S. highway no. 1.

The court finds that the defendant is estopped by reason of abandonment, and is further estopped to assert the claim of right-of-way because plaintiffs or their predecessors in title have been and remain in possession and have made due returns of state and county taxes and paid such taxes, which facts the defendant admits. Consistent with these findings there are no encroachments by plaintiffs, or any of them, which should be removed as herein sought by defendant.

A portion of the lands here involved was shown on a plat of a subdivision, and the question may subsequently arise as to the ownership as between certain of the plaintiffs and the owners of a reversionary interest arising by virtue of the abandonment of said highway or as to the right of ingress or egress by owners of lots in the subdivision. No finding is herein made thereabout because it is not in issue before the court—but the court does here find that even though certain of the plaintiffs may not have title to the lands which they claim, yet they have a right of ingress and egress over and across the lands lying between their respective properties and U. S. highway no. 1.

It is therefore ordered, adjudged and decreed that—

The titles of the respective plaintiffs in and to that portion of the 66 feet of land lying on the northwesterly side and immediately adjacent and contiguous to the 100-foot right-of-way of U. S. highway no. 1 and lying within the respective property boundaries of each of the plaintiffs as hereinafter described, be and the same are severally hereby quieted as against the defendant State Road Department, and each is confirmed as a good and valid fee simple title and to be free and clear of any and all claims, rights, easements, rights-of-way or other interests of the defendant or of any person, corporation or political subdivision claiming by, through or under it.

Title to the respective parcels of land herein quieted is encompassed within the lands of each plaintiff respectively described opposite the name of each as follows—

KATHLEEN M. PRICE:

A parcel of land in a part of Government Lot 1, Section 11, Township 66 South, Range 32 East, on Key Vaca, Monroe County, Florida, and also being a part of the "CASA MANANA RESIDENCE GROUNDS", as shown on the plat of "CASA MANANA SHORES

SUBDIVISION", as recorded in Plat Book 2, Page 50, Public Records of Monroe County, Florida, and also being more particularly described by metes and bounds as follows:

Commencing at the intersection of the Southwest corner of Lot 12 of said "CASA MANANA SHORES SUBDIVISION" and the northwesterly right-of-way line of Old State Highway No. 4A, bear southwesterly along the northwesterly right-of-way line of Old State Highway No. 4A for a distance of 281 feet to the point of beginning of the parcel of land hereinafter described; from said point of beginning, continue bearing southwesterly along the No. 4A for a distance of 200 feet to a point; thence bear North 09 degrees and 28 minutes West for a distance of 275 feet, more or less, to a point on the shoreline of the Bay of Florida; thence meander the shoreline of the Bay of Florida in an easterly direction for a distance of 175 feet, more or less, to a point which is North 16 degrees, 29 minutes and 39.7 seconds West of the point of beginning; thence bear South 16 degrees, 29 minutes and 39.7 seconds East for a distance of 254 feet, more or less, back to the point of beginning.

[Legal descriptions of other parcels belonging to other plaintiffs are omitted.]

The counterclaim of defendant State Road Department is dismissed.

Costs herein shall be hereafter taxed upon due application therefor.